NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE CRUZ, | Civil Action No. 13-2754 (JAP) |
| Plaintiff, | |
| v. | OPINION |
| DR. RALPH WOODWARD, et al., | |
| Defendants. | |

**APPEARANCES**:

>Jose Cruz
>459380
>Northern State Prison
>P.O. Box 2300
>Newark, NJ 07114
>Plaintiff Pro Se
>
>Andrew John Sarrol
>State of New Jersey
>Office of the Attorney General
>R.J. Hughes Justice Complex
>25 Market Street
>P.O. Box 112
>Trenton, NJ 08625
>Attorney for Defendant Dr. Ralph Woodward

**PISANO, District Judge**:

This matter comes before the Court upon a motion [ECF No. 15] by Defendant Dr. Ralph Woodward to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed opposition to the motion. The Court decides these matters without oral argument

pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, the Court will grant the motion to dismiss the Complaint against Dr. Ralph Woodward.[1]

## I.  BACKGROUND

Plaintiff filed his Complaint on or about April 29, 2013 against Dr. Ralph Woodward, Dr. Abu Ahsan, and Dr. Ihuoma Nwachukwu.[2]  [ECF No. 1].  Plaintiff lists additional names in his filing papers but Woodward, Ahsan, and Nwachukwu appear to be the only named defendants.

The following facts are taken from Plaintiff's "Summary of Incidents," an unnumbered recitation of facts filed, among other documents, none of which are captioned as a "Complaint." [*See* ECF No. 1].  Plaintiff, currently an inmate at Northern State Prison, brings claims related to alleged denial of medical care related to chronic stomach pain and constipation.  He states that he has been treated by medical staff but that the pain medication he has been given is not effective. He states that on December 1, 2011, he was seen at the chronic care clinic by Dr. "Wachuca."  At that appointment, Plaintiff complained of problems with his current pain medication and requested to be put back on his original dose of pain medication, but was told no.  On December 29, 2011, Plaintiff had an appointment at the medical clinic, at which he was told that Dr. Ahsan had instructed that Plaintiff was not to receive sought additional pain medication.  Plaintiff states that Dr. Ahsan has repeatedly ignored his medical condition and the resultant pain.  As to Defendant Woodward, Plaintiff alleges that Dr. Woodward is the supervisor of the medical department at

---

[1] To the extent that cross-claims have been filed against Defendant Dr. Ralph Woodward, this Opinion only addresses the issues raised in the motion to dismiss Plaintiff's claims against this Defendant.  The cross-claims filed by additional defendants against Defendant Woodward have not yet been addressed by any of the parties, and therefore shall remain pending.
[2] According to defense counsel, "Nwachukwu" is the correct spelling; however, it appears that Plaintiff refers to this individual as "NWhachu ku" or "Wachuca."

New Jersey State Prison.[3]  Plaintiff states that he has written letters to Defendant Woodward regarding what Plaintiff characterizes as the "medical abuse" occurring in the medical department. Plaintiff alleges no specific facts against Defendant Woodward with respect to his medical care.

Defendants Ahsan and Nwachukwu filed their Answer on September 19, 2013.  [ECF No. 11].  On October 10, 2013, Dr. Ralph Woodward filed a Motion to Dismiss.  [ECF No. 15].  In the motion, counsel for Defendant Woodward asserts various defenses, including that Plaintiff has not alleged personal involvement on the behalf of this defendant.  On March 21, 2014, Defendants Abu Ahsan, M.D., Dr. Ihuoma Nwachukwu, M.D., and Paula Azara, R.N. filed an Amended Answer which included cross-claims against Defendant Woodward.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  As here, when a complaining party comes to this court *pro se*, the Court must construe the complaint liberally in the favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  In such cases, the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.  *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Thus, a complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

---

[3] Plaintiff indicates that he is currently confined at Northern State Prison.

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id.* at 679. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* See also *Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

Therefore, when reviewing the sufficiency of a complaint, a district court must use a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Lastly, the court should assume the veracity of any well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680).

### III.   DISCUSSION

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. In order to establish a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citations omitted). "Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (internal quotation omitted).

Plaintiff alleges that Defendant Woodward, as the chief physician of New Jersey State Prison, was in charge of oversight of the medical department at the facility but that he did not make any changes to what Plaintiff characterizes as "medical abuse by the staff."

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3)

5

prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001).

"In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, No. 12-4564, 2013 WL 3834399, at *2 (3d Cir. July 25, 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). Allegations of personal direction or of actual knowledge and acquiescence to show personal involvement by an individual defendant "must be made with appropriate particularity." *Rode*, 845 F.2d at 1207.

Here, Plaintiff fails to show personal involvement by Defendant Woodward related to the alleged denial of medical care. Plaintiff fails to make any allegations "with appropriate particularity" concerning this defendant sufficient to give rise to a plausible claim under § 1983.

6

Therefore, the Court concludes that Plaintiff's allegations against Defendant Woodward are based on an impermissible theory of respondeat superior.  As there are no specific factual allegations asserted against Woodward, the Complaint will be dismissed without prejudice as against this defendant.

In the alternative, to the extent that Plaintiff alleges that he wrote letters to Defendant Woodward concerning his dissatisfaction with his medical care, Plaintiff has not alleged sufficient facts to state a claim that Defendant Woodward was deliberately indifferent to Plaintiff's serious medical needs.[4]

## IV.   CONCLUSION

For the foregoing reasons, Defendant Dr. Ralph Woodward's motion to dismiss is granted. An appropriate Order accompanies this Opinion.

        /s/ Joel A. Pisano
    JOEL A. PISANO, U.S.D.J.

DATED:      March 25, 2014

---

[4] For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious."  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).